OAO91 (Rev. 12/03) Criminal Complaint

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA
V.
PATRICK CLYNE and
IBTISAMA BRADLEY

CRIMINAL COMPLAINT

Case Number: 1:06-M-127M

REDACTED

I, the undersigned complainant sta... at the following is true and correct to the best of my knowledge and belief. Between or about 10/97 (Date) and 9/05 County, in the District of RHODE ISLAND defendant(s) did,

(Track Statutory Language of Offense)

commit Mail Fraud

in violation of Title 18 United States Code, Section(s) 1341.

I further state that I am a(n) Postal Inspector Steven Souza (Official Title) and that this complaint is based on the following facts:

SEE AFFIDAVIT OF POSTAL INSPECTOR STEVEN SOUZA ATTACHED HERETO

Continued on the attached sheet and made a part of this complaint: ☒ Yes ☐ No

Signature of Complainant

Printed Name of Complainant

Sworn to before me and signed in my presence,

11-8-06 at Providence, RI

Date | City | State

David L. Martin, US Magistrate Judge

Name of Judge | Title of Judge | Signature of Judge

1:06-M-127M
1:06-M-128M

**AFFIDAVIT**

I, Stephen E. Souza, Postal Inspector, U.S. Postal Inspection Service, hereby make this affidavit in support of a complaint and arrest warrant against PATRICK CLYNE and IBTISAMA BRADLEY, in that there is probable cause to believe that they committed Mail Fraud, in violation of Title 18, United States Code, Section 1341.

1. The information provided in this Affidavit is based on my own investigation, information provided to me by other law enforcement agents, interviews of witnesses, including representatives of the Rhode Island School of Design ("RISD"), and my review of documents.

2. Around 1997 Patrick Clyne was hired by RISD as the Fire and Life Safety Manager. In this position he was responsible for maintaining the fire alarm systems, emergency lighting and fire extinguishers at RISD. He also had the authority to request, schedule and approve work relating to fire alarm systems, emergency lighting and fire extinguishers.

3. Shortly after he assumed his position at RISD, Clyne and his wife, Ibtisama Bradley, established a company called ANKH Electric. The company was incorporated in Delaware, and a corporate bank account was established at Bank RI. Around March 1998, Clyne and Bradley established a PO Box in Providence for the company.

4. Based on interviews with RISD representatives and documents provided by them, it has been determined that between approximately October 1997 and September 2005 Clyne submitted invoices from ANKH to RISD for services which, in fact, were not performed (Clyne was terminated from his position at RISD in November 2005). RISD representatives reviewed the work descriptions set forth in the ANKH invoices, and determined that the work described was not performed by ANKH.

5. Investigation has revealed that Clyne, in his position as a RISD employee, approved each of the ANKH invoices for payment, and then forwarded those invoices to the RISD Purchasing Department for payment. After the approved invoices were forwarded to the Purchasing Department, RISD mailed checks payable to ANKH to the post office box in Providence that was established by Clyne and Bradley around March 1998. Prior to establishing this post office box, the checks were mailed to an address used by Clyne and Bradley on Manton St. in Providence.

6. The yearly payments from RISD to ANKH were in the following approximate amounts:

| Year | Amount |
|---|---|
| 1997 | $9,535.00 |
| 1998 | $55,523.00 |
| 1999 | $87,571.50 |
| 2000 | $158,699.00 |
| 2001 | $130,556.00 |
| 2002 | $179,816.00 |

| | |
|---|---|
| 2003 | $180,754.00 |
| 2004 | $54,998.00 |
| 2005 | $155,157.00 |
| Total | $1,012,599.50 |

7. The RISD checks were subsequently taken from the post office box by either Clyne or Bradley and deposited into the ANKH bank account at Bank RI. Most of the funds were subsequently withdrawn from the account by cashing checks drawn against the account. The funds were then used to pay for personal expenses of Clyne and Bradley.

8. At no time was RISD advised that Clyne or Bradley were the owners of ANKH.

9. On November 7, 2005, Clyne was interviewed by representatives of RISD. Initially, Clyne claimed that ANKH was owned by Andrew Andruchow, from Newport. He also stated that ANKH had done a lot of electrical work for the federal government. Clyne further stated that one of the employees of ANKH was Jim Crompton. Clyne was asked whether he had ever done any work for ANKH or was affiliated with ANKH in any way, to which he responded in the negative. When confronted with the fact that records indicated that his wife owned ANKH, Clyne stated that the company was owned by Andruchow and his (Clyne's) wife.

10. On November 7, 2005, Bradley was interviewed by the undersigned affiant. Bradley claimed that ANKH was her company. She stated that the company had no employees, and that she found work and subcontractors over the internet. Bradley also declined to provide detailed information regarding subcontractors and clients of ANKH.

11. Investigation failed to reveal any electrician or individual by the name of Andrew Andruchow in Rhode Island. James Crompton was located. Crompton stated that Clyne worked for him on a project in 2001. Crompton stated that he never worked for RISD and never heard of ANKH Electric.

12. Investigation failed to reveal any evidence that ANKH ever did work for the federal government.

13. Based on the foregoing, there is probable cause to believe that Patrick Clyne and Ibtisama Bradley have committed the offense of Mail Fraud, in violation of 18 U.S.C. § 1341.

Stephen Souza
Postal Inspector

Subscribed and sworn to before me
this 8th day of Nov, 2006
in Providence, Rhode Island.

David L. Martin
United States Magistrate Judge